**Tannan HARDIMAN, Plaintiff,**

v.

**City of Chicago Detective John F. FITZSIMMONS, Defendant.**

**No. 93C2606.**

United States District Court, N.D. Illinois.

May 12, 1993.

Tannan Hardiman, Hillsboro, IL, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Tannan Hardiman ("Hardiman") has tendered a self-prepared Complaint under 42 U.S.C. § 1983 ("Section 1983") against Chicago police detective John Fitzsimmons ("Fitzsimmons"), asking leave to proceed without payment of the filing fee. Hardiman charges that Fitzsimmons violated Hardiman's constitutional rights by providing a false affidavit in a prior civil rights action (*Hardiman v. Villardita, et al.,* 89 C 7634), in which this Court's colleague Honorable James Zagel granted summary judgment in favor of defendants on April 2, 1992. Hardiman seeks both compensatory and punitive damages.

 Every prospective in forma pauperis litigant must overcome two threshold obstacles to obtain that status:

1. He or she must make the required showing of financial indigency.

2. His or her complaint must disclose the existence of at least one non-"frivolous" claim in the legal sense described by *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) and most recently reconfirmed in *Denton v. Hernandez,* —— U.S. ——, —— - ——, 112 S.Ct. 1728, 1733–34, 118 L.Ed.2d 340 (1992).

Even though Hardiman readily passes the first of those obstacles, he falls at the second hurdle—the substantive one.

Although Fitzsimmons provided defendants with sworn evidence in Hardiman's earlier lawsuit via affidavit rather than by oral testimony from the stand, that difference does not remove Fitzsimmons from the category of a witness in that action. What is less plain is whether in providing such a sworn affidavit Fitzsimmons was acting qua police officer (and hence was a state actor potentially liable under Section 1983) or instead as an occurrence witness like any other person—not a public official—who might have happened to observe the same things. But a moment's thought reveals that the answer to that question makes no difference in the context of this action.

If Fitzsimmons' action in supplying the disputed affidavit were *not* ascribable to his acting in a police-officer capacity, he could not be sued in this Section 1983 action at all (just as a police officer who gets into a fight with his next-door neighbor over some private dispute, which results in the officer's punching out the neighbor, does not thereby trigger a federal claim under Section 1983 for violation of the neighbor's civil rights). Whether Hardiman might sustain any *state* law claim against Fitzsimmons for his assertedly false affidavit, or whether if such a claim were filed it might be defeated by notions of common law witness immunity, would be matters beyond this Court's subject matter jurisdiction.

Hence it is appropriate for purposes of analysis—that is, in order to consider the only kind of claim that this Court *would* have the power to adjudicate—to treat Fitzsimmons as a "state actor" in having furnished his affidavit in Hardiman's earlier lawsuit. But that very premise, which is essential to provide Hardiman a current ticket of entry to this District Court, causes the immediate cancellation of that ticket. That is so because *Briscoe v. LaHue,* 460 U.S. 325, 342–43, 103 S.Ct. 1108, 1119, 75 L.Ed.2d 96 (1983) wraps the mantle of absolute immunity from Section 1983 liability around every state actor who appears as a witness in any court action:

Moreover, to the extent that traditional reasons for witness immunity are less applicable to governmental witnesses [than to witnesses generally], other considerations of public policy support absolute immunity more emphatically for such persons than for ordinary witnesses. Subjecting government officials, such as police officers, to damages liability under § 1983 for their testimony might undermine not only their contribution to the judicial process but also the effective performance of their other public duties.

Accord, such cases as *House v. Belford,* 956 F.2d 711, 720 (7th Cir.1992); *Kompare v. Stein,* 801 F.2d 883, 887 n. 3 (7th Cir.1986).

*Briscoe,* 460 U.S. at 335, 103 S.Ct. at 1115 quoted from Justice White's concurrence in *Imbler v. Pachtman,* 424 U.S. 409, 439, 96 S.Ct. 984, 999, 47 L.Ed.2d 128 (1976):

It is precisely the function of a judicial proceeding to determine where the truth lies. The ability of courts, under carefully developed procedures, to separate truth from falsity, and the importance of accurately resolving factual disputes in criminal (and civil) cases are such that those involved in judicial proceedings should be "given every encouragement to make a full disclosure of all pertinent information within their knowledge."

It is for that reason that the courts have provided not only prosecutors (who were the judicial-process participants at issue in *Imbler*) as well as judges themselves with absolute immunity from civil damages for their participation in that process, but have extended that shield to any police officer testifying in that capacity. Because Fitzsimmons' affidavit under oath in the prior civil case was the functional equivalent of his providing testimony, and because for present purposes it must be assumed that Fitzsimmons did so *as* a governmental official (or else this Section 1983 action could not lie to begin with), Fitzsimmons is entitled to absolute immunity. This action must be dismissed.

Accordingly this Court finds no arguable legal basis for the Complaint, and it denies Hardiman's motion for leave to file in forma pauperis (see *Neitzke*). In accordance with

the procedure prescribed by *Denton*, —— U.S. at ——, 112 S.Ct. at 1734, this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(d). In addition Hardiman is informed:

1. If he wishes to appeal this order of dismissal, within 30 days after the entry of judgment he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit (see Fed.R.App.P. 4(a)). That Notice of Appeal must be filed with the Clerk of the Court of the United States District Court, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604.

2. Although this Court of course expresses no substantive views on this subject, Hardiman should also be aware that if the Court of Appeals were to determine that such an appeal were "frivolous" in the legal sense, that could result in the imposition of sanctions by that Court (see Fed. R.App.P. 38).